In the District Court of the United States
For the District of South Carolina

BEAUFORT DIVISION

| | |
|---|---|
| **John Wayne Lunsford, #83446-071,** )<br>  )<br> Petitioner, )<br>  )<br> vs. )<br>  )<br>**John J. LaManna, Warden of FCI-Edgefield,** )<br>**and United States Parole Commission,** )<br>  )<br> Respondents. )<br> ) | Civil Action No.  9:06-2395-JFA-GCK<br><br>**REPORT AND RECOMMENDATION**<br>**OF THE MAGISTRATE JUDGE** |

## I.   INTRODUCTION

The Petitioner, John Wayne Lunsford ("Petitioner" or "Lunsford"), a federal prisoner proceeding *pro se*, seeks *habeas corpus* relief under Title 28, United States Code, Section 2241. By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3).  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post trial petitions for relief and submit findings and recommendations to the District Court.

## II.   *PRO SE* PETITION

Lunsford was incarcerated in the Federal Correctional Institution, Edgefield, South Carolina ("FCI Edgefield") at the time he filed his Petition.  Lunsford filed this Petition for a writ of habeas corpus (the "Petition") on August 18, 2006 against J. J. LaManna, Warden of FCI Edgefield, and the United States Parole Commission (the "Commission").  [1]  Lunsford is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes*, 449 U.S. 5 (1980).  Even under this less stringent standard, however, the *pro se*

complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Rice v. National Security Council*, 244 F.Supp. 2d 594, 596 (D.S.C. 2001), *citing Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### III.  JURISDICTION

At the time this action was filed, this Court had jurisdiction to address Lunsford's Section 2241 petition because he was confined within this district (at FCI Edgefield) and was challenging the execution of his sentence rather than the validity of his convictions. *See* 28 U.S.C. § 2241(a); *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000) (Section 2241 petitions must be filed in the district of incarceration). On December 12, 2007, the Clerk of Court filed correspondence from the Petitioner which informed the Court that he had been "released on parole" from FCI Edgefield and was residing in Kannapolis, North Carolina. [46] Petitioner's correspondence prompted this Court to consider the question whether a person on parole is "in custody" as that term is used in Section 2241. This question which was answered in the affirmative by the United States Supreme Court in *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), which held that a person released on parole is 'in custody' for purposes of a district court's *habeas corpus* jurisdiction.

Next, the fact that the Petitioner is residing in North Carolina at this time does not deprive the court of its jurisdiction. In *Ex parte Endo*, 323 U.S. 283, 304-307, 65 S.Ct. 208, 219-220, 89 L.Ed. 243 (1944), the Supreme Court held that a District Court did not lose its

jurisdiction when a habeas corpus petitioner was removed from the district so long as an appropriate respondent with custody remained.

Finally, the Petitioner, as a paroled prisoner, is in "custody" of the members of the federal Parole Board, and not the Warden of FCI-Edgefield. *Jones v. Cunningham*, 371 U.S. at 244.

## IV.   BACKGROUND TO THE CASE

Lunsford was originally sentenced in the United States District Court for the District of South Carolina on August 28, 1974, to a 10 year term of incarceration for transportation of stolen goods in interstate commerce. (See Exhibit A to Respondents' Return [8]).

On October 31, 1978, Petitioner was convicted in the U.S. District Court for the Northern District of Georgia and sentenced to a 30 month term for attempting to escape from federal custody. (See Exhibit B to Respondents' Return [8]).

In 1985, Petitioner was indicted on a four count indictment after he attempted the armed robbery of a bank, and found guilty by a jury on all four counts. (See Petition at ¶ 4 and Exhibit C to Respondents' Return [8]). He was sentenced on October 2, 1985 in the U.S. District Court for the Middle District of North Carolina to a term of twenty-five (25) years for bank robbery and forcibly detaining a person without his consent, and to a consecutive five (5) year non-parolable term for carrying a firearm during and in relation to a crime of violence. (See Exhibit C to Respondents' Return [8]). Petitioner was paroled on November 27, 1995, with a full term date of June12, 2010. (See Exhibit D to Respondents' Return [8]). Accordingly to Respondents, Petitioner was not actually released from prison on his parole date, but began service of his five-year non-parolable term and was released from prison on mandatory release, as if on parole, on August 4, 1999. (See Exhibit E to Respondents' Return [8]).

The United States Parole Commission (the "Parole Commission") issued a warrant on December 9, 1999, charging Petitioner with Charge 1: law violation: (a) assault on a law enforcement officer; (b) drunk and disruptive; (c) assault on a female; (d) resisting arrest; and Charge 2: violation of special condition (alcohol). (See Exhibit F to Respondents' Return [8]).

On December 28, 1999, Petitioner pled guilty to simple assault and resisting a public officer and was sentenced to sixty (60) days. (See Exhibit G to Respondents' Return [8]).

The Parole Commission's warrant was executed on February 4, 2000, and Petitioner received a parole revocation hearing on March 22, 2000. Following the hearing, the Parole Commission found that Petitioner had committed the following violations: drunk and disruptive. Accordingly, the Parole Commission revoked Petitioner's parole, decided that none of the time spent on parole would be credited, and continued Petitioner to a presumptive parole date of August 8, 2001, after the service of 20 months. (See Exhibits H and I to Respondents' Return [8]). In August 2001, Petitioner's release date was retarded by 61 days for release planning purposes, with parole to be effective October 8, 2001. (See Exhibit J to Respondents' Return [8]). In October 2001, Petitioner's release date again was retarded by 59 days for release planning purposes, with parole to be effective December 6, 2001. (See Exhibit K to Respondents' Return [8]).

Prior to his release date, on October 18, 2001, Petitioner escaped from custody. The Parole Commission reopened Petitioner's case, retarded his release date due to his escape, and ordered a hearing upon his return to custody. (See Exhibit M to Respondents' Return [8]). Petitioner was returned to custody and was convicted in the U.S. District Court for the Middle District of North Carolina and sentenced on June 7, 2002, to a term of 18 months for escape with a three-year term of supervised release. (See Exhibit N to Respondents' Return [8]). The Parole Commission conducted a rescission hearing and ordered a new effective parole date of April 6, 2003. (See Exhibit O to Respondents' Return). Petitioner's effective parole date was revised by the Parole Commission following an administrative appeal. (See Exhibit P to Respondents' Return [8]). Petitioner was paroled on August 6, 2002 (See Exhibit P to Respondents' Return [8]), with a full term date of September 8, 2014. (See Exhibit Q to Respondents' Return [8]).

Petitioner was arrested on April 11, 2005 for failing to comply with the conditions of his parole. (See Respondents' Answer [5] at ¶ 9). The Parole Commission issued a warrant on April 22, 2005, charging Petitioner with the following violations: Charge 1: law violation: (a) operating a vehicle not registered or titled; (b) operating a vehicle with no insurance; and (2) the

unauthorized possession of firearm or other dangerous weapon/ammunition. (See Exhibit R to Respondents' Return [8]). Petitioner was found guilty (that is, convicted of violating the terms of his supervised release) on July 22, 2005 (See Respondents' Answer [5] at ¶ ¶ 10, 12), and on August 12, 2005, Petitioner's term of supervised release was revoked and he was ordered to serve 24 months by the District Court for violation of his supervised release. (See Exhibit R to Respondents' Return [8]).[1]

On August 18, 2006, Petitioner filed this Petition pursuant to 28 U.S.C. § 2241 against FCI Edgefield's Warden J.J. LaManna and the United States Parole Commission (the "Respondents").[2] [1] Petitioner alleged that the Parole Commission had denied him a prompt determination of probable cause and a revocation hearing in violation of his constitutional due process rights. (Petition [1] at p. 2, ¶ 7)

On August 29, 2006, an Order was filed authorizing service of process and apprising the Respondents of the deadlines in this case. [4] The Respondents filed an Answer and Return on October 18, 2006, and requested that the Petition be dismissed. The Parole Commission supplemented the warrant with the supervised release revocation information. [5] On October 19, 2006, the undersigned issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Petitioner of the summary dismissal procedure and the possible consequences if he failed to adequately respond to Respondent's motion to dismiss within thirty-four (34) days. [6] Petitioner filed an Affidavit in opposition to Respondents' Answer and Return on November 21, 2006. [7]

On December 4, 2006, the Respondents filed a Return and Motion to Dismiss or for Summary Judgment. [8-1 — 8-22] On December 5, 2006, the undersigned issued an Order

---

[1] Petitioner appealed the district court's order revoking his supervised release, but on appeal did not challenge the twenty-four month term of imprisonment imposed upon revocation. A panel of the Court of Appeals for the Fourth Circuit affirmed the district court's judgment revoking Petitioner's supervised release in an unpublished *per curiam* opinion. *United States of America v. Lunsford*, No 05-4881 (4th Cir. July 21, 2006), attached as Exhibit S to Respondents' Return. [8]

[2] Petitioner has the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) with respect to the "delivery date" of his Petition. *See* Order [4] filed August 29, 2006.

directing the Respondent to clarify, for the benefit of the Petitioner, whether the Respondents were proceeding under Rule 12(b)(6) or Rule 56. [9]  The Respondents filed a Response which informed the Court and Petitioner that they were proceeding under Rule 56. [10]  Accordingly, on December 8, 2006, the undersigned filed an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Petitioner that the Respondents had filed a motion for summary judgment, and informing Petitioner of the summary dismissal procedure and the possible consequences if he failed to adequately respond to the Respondents' Motion within thirty-four (34) days.[3]  [11]  Petitioner responded by timely filing a response on January 12, 2007. [12]  The Respondents filed a Reply to Petitioner's Response on January 25, 2007. [13]  Also on January 25, 2007, Petitioner completed the supervised release violator term.  At that time, the Parole Commission's warrant was executed.[4]  Meanwhile, on February 5, 2007, Petitioner filed a Motion to Strike Respondents' Response. [14-1]

On March 8, 2007, the undersigned held a hearing on the Respondents' Motion for summary judgment. [8]  At that hearing, counsel for the Respondents informed the Court that Petitioner was scheduled to travel to Oklahoma for a parole revocation hearing during the next week.  Given the pendency of that hearing, counsel for Respondents moved to withdraw their motion, with leave to refile at a later time as necessary.  The motion was granted by the undersigned.

Pursuant to the Petitioner having been taken into custody on the Parole Commission's warrant, the Parole Commission conducted a parole revocation hearing on May 30, 2007, at the

---

[3]     The explanation to the *pro se* litigant is required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case.  The same procedure has been held to apply in federal habeas corpus cases under *Webb v. Garrison*, No. 77-1855 (4th Cir., decided July 6, 1977).

[4]     *See* Exhibit 1 to Respondents' Motion to Dismiss. [36]  It is well settled that, where a parolee has received a new sentence while on parole, a parole violator warrant need not be executed until the intervening sentence has been served.  *See Moody v. Daggett*, 429 U.S. 85, 86-89 (1976) and Title 28 C.F.R. Section 2.47(a)(1).

Philadelphia Federal Detention Center.[5] At that hearing, Petitioner's parole was revoked and his re-parole is effective December 11, 2007 after service of thirty-two (32) months.[6] The Notice of Action is dated June 13, 2007. Significantly, the Petitioner has not taken an appeal from the June 13, 2007, Notice of Action.[7]

Petitioner's Petition also alleged that the Parole Commission subjected him to double jeopardy. This claim is without merit. Although the Parole Commission issued a warrant for the same violation behavior for which petitioner was serving a 24-month term, the Parole Commission took this factor in to consideration during the parole revocation hearing.[8] In compliance with their procedures, after the parole violator warrant was executed, the Parole Commission ordered concurrent service of the parole violator term and the supervised release violator term.[9] In the Notice of Action, the Commission noted: "As of 06-11-2007, you have been in confinement as a result of your violation behavior for a total of 26 month(s). Guidelines established by the Commission indicate a customary range of 24-32 months to be served before release."[10] Petitioner was given a re-parole date of December 11, 2007 after the service of 32 months,[11] which indicates that the Petitioner was given credit for the time served prior to execution of the Commission's warrant.

---

[5] *See* Exhibit 2, Notice of Action, attached to Respondents' Motion to Dismiss. [36] Pursuant to statute, the Parole Commission has the authority to revoke a parolee's parole if it finds, by a preponderance of the evidence, that the individual violated the conditions of his release by engaging in new criminal conduct. 18 U.S.C §4214(d). The Parole Commission's finding that new criminal conduct has occurred may be based either on a new criminal conviction or on an independent finding by the Commission. *See* 28 C.F.R. §2.21(a)(2); *Bowen v. U.S. Parole Commission*, 805 F.2d 885, 888 (9th Cir. 1986).

[6] *Id.*

[7] Respondent's Motion to Dismiss [36] at p. 3.

[8] *See* Exhibit 2 to Respondents' motion to dismiss. [36]

[9] *See* Exhibit 3 to Respondents' motion to dismiss [36] attaching the Commission's Rules and Procedures Memo dated April 14, 2004, Procedure at 2.52-01(c)(5) on page 4.

[10] *See* "Reasons" portion of Exhibit 2, attached to Respondents' motion to dismiss. [36]

[11] *Id.*

## V.  ISSUE

Petitioner's Petition contends that the Parole Commission failed to provide him with a "prompt determination of probable cause and revocation hearing."[12]  However, as discussed above, after the Petitioner filed his Petition, he received his hearing before the Parole Commission.  Therefore, this action is moot.  Furthermore, the Petitioner cannot challenge the Parole Commission's decision by way of the present Habeas action because he has not exhausted his administrative remedies.  For these reasons, it is recommended that the Petition be denied.

## VI.  DISCUSSION

### A.  Petitioner has obtained the relief requested in his Petition, and therefore the matter is moot.

As mentioned earlier, on May 30, 2007, the Parole Commission conducted a hearing regarding Petitioner's parole revocation.  At that hearing, Petitioner's parole was revoked and his re-parole was effective December 11, 2007 after service of thirty-two (32) months.  In the Notice of Action dated June 13, 2007, the Commission noted: "As of 06-11-2007, you have been in confinement as a result of your violation behavior for a total of 26 month(s).  Guidelines established by the Commission indicate a customary range of 24-32 months to be served before release."[13]  Petitioner was given concurrent credit for the time spent in custody pursuant to the Commission's warrant.  Therefore, he has received the relief requested.

Article III, Section 2 of the United States Constitution provides that federal courts may adjudicate only live cases or controversies.  *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990).  This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Id*.  Since the issues Petitioner presented in his Petition are no longer "live," his Petition is moot.

---

[12]    Petition [1] at p. 2, ¶ 7.

[13]    *See* "Reasons" portion of Exhibit 2, attached to Respondents' motion to dismiss.  [36]

Generally, "a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Thus, when changes occur during the course of litigation that eliminate the petitioner's interest in the outcome of the case or the petitioner's need for the requested relief, the case must be dismissed as moot. *See Friedman's Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) ("[O]ne such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim."). Here, the appropriate remedy for a delayed review hearing is for the court to compel the Parole Commission to hold the hearing. *See, e.g., Guerro-Guerro v. Clark*, 687 F.Supp. 1022, 1030 n. 17 (E.D.Va. 1988) (remedy is writ of mandamus to compel compliance with statute); *Sutherland v. McCall*, 709 F.2d 730, 732 (D.C.Cir. 1983); *Sacasas v. Rison*, 755 F.2d 1533, 1535-1536 (11th Cir. 1985); *Berg v. U.S. Parole Commission*, 735 F.2d 378, 379 n. 3 (9th Cir. 1984). Because Petitioner has now received his review hearing, his Petition is moot. Therefore it is recommended that the Respondents' motion to dismiss be granted.

**B.  Petitioner has failed to exhaust administrative remedies prior to filing this action.**

Prisoners challenging decisions of the Parole Commission must exhaust administrative remedies under 28 C.F.R. §§ 2.25 & 2.26 prior to filing under § 2241. *Clifton v. Richards*, 17 F.3d 1433 (4th Cir. 1994) (Table) (*per curiam*), *citing Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) (per curiam). In order to exhaust the administrative remedy procedure, a prisoner must file an appeal with the National Appeals Board. *Id.* The filing of an appeal is necessary even when the appeal would be untimely because the exhaustion doctrine does not require that the National Appeals Board actually consider the merits of the appeal but rather that it have an opportunity to review the decision reached by the Parole Commission. The untimeliness of an appeal does not render the administrative remedy procedure futile because while the National Appeals Board may deny the appeal as untimely, it may also, in its discretion, allow an out of time appeal and consider the merits of the claims. *Id*.

Respondents contend that the Petitioner was notified that the decision was appealable and had to be filed within thirty days from the date the Notice was sent.[14] Furthermore, according to the Respondents, the Parole Commission records show that no appeal has been received from the Petitioner.[15]

In response, Petitioner states that at the hearing, on the record, he and his attorney put the Parole Commission on notice that its decision would be appealed.[16] Petitioner also states that he filed an appeal with the Parole Commission.[17] The Court notes that Petitioner's appeal was dated October 23, 2007.[18] Petitioner's Petition, however, is dated on August 18, 2006. Petitioner has not exhausted his administrative remedies prior to filing the Petition, and thus it is recommended that his Petition be dismissed for this reason.

### C. Petitioner is not entitled to a "local" hearing

Petitioner contends in his Reply in opposition to the Respondents' motion to dismiss that he is entitled to a "local" parole revocation hearing in North Carolina, and further, that the hearing he had was not timely.[19] He relies upon 18 U.S.C. §§ 4214(a)(1)(A) and (B) to support these arguments. However, 18 U.S.C. §§ 4201–4218 has been repealed by Pub.L. 98-473, Title II, § 218(a)(5), Oct. 12, 1984, 98 Stat. 2027; Effective Date of Repeal; Chapter to remain in effect for eighteen years after Nov. 1, 1987. Thus, as a result of the Sentencing Reform Act of 1984, 18 U.S.C. §§ 4201 *et seq*. has been repealed effective November 1, 2005. Notwithstanding the fact that Petitioner received a review hearing and his case is moot, Petitioner cannot rely upon the repealed statutes to aid his case.

---

[14] *See* Exhibit 2 attached to Respondents' motion to dismiss. [36]

[15] Respondents' Motion to Dismiss [36] at p. 4.

[16] Petitioner's Reply [41] at p. 2.

[17] Petitioner's Reply [41] at p. 3; and Exhibit C thereto with Attachments A and B.

[18] *See* Exhibit C attached to Petitioner's Reply. [41]

[19] Petitioner's Reply [41] at pp. 2; 3-4.

## RECOMMENDATION

Based upon the reasons set forth above, it is recommended that the Respondents' motion to dismiss **[36] should be granted**, and Petitioner's Petition for habeas corpus relief **[1] should be dismissed as moot, or in the alternative, for failure to exhaust administrative remedies.**

*[Signature]*
GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

December 20, 2007

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).