IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | | |
|---|---|---|
| John Wayne Lunsford, | ) | C/A No.:   9:06-2395-JFA-GCK |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| John J. LaManna, Warden, FCI Edgefield, | ) | |
| and US Parole Commission, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation.[1]  The *pro se* petitioner, John Wayne Lunsford, is a federal prisoner who has been paroled.  He brings this action pursuant to 28 U.S.C. § 2241 alleging that the Warden denied him a prompt determination of probable cause and a revocation hearing in violation of his constitutional due process rights.

In a detailed Report and Recommendation, the Magistrate Judge suggests that the respondent's motion to dismiss should be granted because the petitioner has not fully

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

exhausted his administrative remedies and the relief sought has already been obtained, thus mooting the matter. Because the Magistrate Judge fairly and accurately summarizes the facts and standards of law, such will not be repeated herein.

The petitioner was advised of his right to file timely and specific objections[2] to the Report and Recommendation. The petitioner's objections were due on January 10, 2008. He filed a motion for an extension of time which this court granted. On February 20, 2008, the petitioner filed a second motion for an extension of time to file objections. The court again granted the motion and allowed the petitioner until April 21, 2008 to file his response. As of the date of this order, the petitioner has failed to file timely objections, despite the court's grant of two extensions.

After carefully examining the applicable law, the record in this case, and the Report and Recommendation, the court finds the Report to be proper. Therefore, the Report is adopted and incorporated herein by reference.

Accordingly, the respondent's motion to dismiss is hereby granted.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

April 25, 2008
Columbia, South Carolina

---

[2] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).